**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| ANTHONY ANDREW RAY<br><br>*Plaintiff,*<br>v.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br>*Defendant.* |

Civil Action No. 15-3285

OPINION

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Anthony Andrew Ray's ("Plaintiff") Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 16. The Commissioner of Social Security ("Commissioner") opposes the Motion. ECF No. 19. For the reasons set forth in this Opinion, the Motion is **DENIED**.

**I.    BACKGROUND[1]**

In December 2011, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income Benefits (collectively, "Disability Benefits") based on physical impairments. Tr. 253-54, ECF No. 6. His application was denied initially and again on reconsideration. Tr. 134-44, 147-52. At Plaintiff's request, Administrative Law Judge Hilton R. Miller (the "ALJ") held an administrative hearing on June 6, 2013. Tr. 27-47. After this hearing, Plaintiff provided additional medical records, and the ALJ held a second hearing on September 10, 2013. Tr. 48-97.

---

[1] Because the Court provided a comprehensive overview of this case in its July 31, 2017 Opinion, it provides only a brief summary of the facts and procedural history herein. See Opinion of the Court ("Op."), ECF No. 15.

1

On December 10, 2013, the ALJ found that Plaintiff was not disabled and therefore denied Disability Benefits on the grounds that Plaintiff could resume his past work as a mailroom supervisor. Tr. 12-26. The Appeals Council denied Plaintiff's request for review on March 12, 2015, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6.

On May 12, 2015, Plaintiff sought judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and on July 31, 2017, this Court vacated that decision and remanded the case back to the ALJ. Op. at 13. This Court concluded that the ALJ erred in determining that Plaintiff was able to perform his past work as a mailroom supervisor. Id. at 10. Specifically, the Court focused on the ALJ's finding that Plaintiff's residual functional capacity ("RFC") "is limited to performing light work duties with some postural limitations and the ability to exercise a sit/stand option every 30 minutes throughout the workday." Id. at 11. The Dictionary of Occupational Titles ("DOT") for Plaintiff's former job of mailroom supervisor does not discuss a sit/stand option, and Plaintiff's testimony indicated that he did not have that option in his previous position. Id. at 11-12. While the ALJ took testimony from a vocational expert ("VE") who explained that Plaintiff "would . . . [have] relative freedom assuming his postures," the ALJ failed to explain the discrepancy between the Plaintiff's testimony and the VE's testimony. Id. at 12-13. As such, this Court remanded the matter to the ALJ to "explain the provenance of the sit/stand option as it relates to mailroom supervisors and address" the inconsistent testimony. Id. at 13.

On August 10, 2017, Plaintiff filed the instant Motion. The Commissioner submitted a brief in opposition, which argued that the Commissioner's position was "substantially justified" within the meaning of the EAJA or, in the alternative, that Plaintiff's requested attorneys' fees are unreasonable and should be reduced. Def. Mem. at 3-13, ECF No. 19.

## II. LEGAL STANDARD

The EAJA provides for the payment of "reasonable" attorney's fees, 28 U.S.C. § 2412(b), (d)(2)(A), and "[t]he party seeking attorney's fees has the burden to prove that its request . . . is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court "has discretion to decide 'what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties.'" Bilak v. Colvin, 73 F. Supp. 3d 481, 487 (D.N.J. 2014) (quoting Bell v. United Princeton Props., 884 F.2d 713, 721 (3d Cir. 1989)).

Recovery of reasonable attorneys' fees under the EAJA "requires: (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; (3) that no special circumstances make an award unjust;" and (4) that the fee application be submitted to the court within 30 days of its final decision. Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990) (internal quotation marks omitted). The government's position is "substantially justified" if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). The position must have "a reasonable basis in both law and fact," Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993), and can be justified "even though it is not correct," Pierce, 487 U.S. at 566 n.2. The analysis evaluates the government's position as a whole, both at litigation and prelitigation (i.e., within the agency). Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009).

## III. DISCUSSION

The Commissioner argues that Plaintiff is not entitled to attorneys' fees because the Commissioner's position was substantially justified. The Court agrees.[2]

---

[2] The parties do not dispute that the other three elements governing attorneys' fees under the EAJA are satisfied here. As such, the Court focuses only on whether the Commissioner's decision was substantially justified.

As noted above, the Court remanded on the issue of whether or not Plaintiff could perform his previous work as a mailroom supervisor. While the Court found the ALJ erred on this point, it nonetheless recognizes that the Commissioner's position was substantially justified. Determining whether Plaintiff was capable of performing his previous job "includes whether or not a claimant can perform the requirements of past relevant work <u>as generally performed</u> in the national economy, <u>not just as specifically performed for any one given employer</u>." <u>Alward v. Comm'r of Soc. Sec.</u>, No. 08-3373, 2009 WL 4798263, at *5 (D.N.J. Dec. 8, 2009) (emphasis added); Social Security Ruling 82-61, 1982 WL 31387, at *2 ("A former job performed in [sic] by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'").

Here, the ALJ found that Plaintiff was able to perform his former job "as actually <u>and generally</u> performed," based on the testimony of the VE. Tr. 20 (emphasis added); <u>see also</u> Tr. 63-64. The VE testified that a mailroom position was "light work" and that, while the "sit/stand option isn't specified in the DOT" or "applied to any job," he had "observed mailrooms, and normally there's a work area, a bench, and stools available." Tr. 71. The VE further stated his belief that "[the sit/stand option] could be accommodated." <u>Id.</u> Based on this testimony and the law under Social Security Ruling 82-61, the ALJ had a "reasonable basis in both law and fact," <u>Hanover Potato Products</u>, 989 F.2d at 128, for its position that Plaintiff could perform the duties of his previous job as a mailroom supervisor, as those duties are generally understood in the national

economy.  Additionally, in this litigation, the Commissioner highlighted that while "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will," the ALJ determined that Plaintiff's last job was "skilled work," such that the sit/stand option could be available to him in the national economy.  Def. Br. at 18-19, ECF No. 13 (quoting Social Security Ruling 83-12, 1983 WL 31253, at *5 (1983)).  Given this evidence, the Commissioner's position was substantially justified.  See also Howard v. Comm'r of Soc. Sec., No. 04-5286, 2006 WL 328403, at *3 (E.D.Pa. Feb. 10, 2006) (finding that Commissioner's position that the plaintiff "could return to his previous job" was substantially justified where ALJ had "reasonable basis in fact" for concluding that the plaintiff could perform certain "medium work" and did "not go against established legal precedent" on the issue).[3]

**IV.  CONCLUSION**

For the foregoing reasons, the Motion for Attorneys' Fees is **DENIED**.  An appropriate Order accompanies this Opinion.


Date: November 6, 2019                **/s/ Madeline Cox Arleo**
                                      **Hon. Madeline Cox Arleo**
                                      **UNITED STATES DISTRICT JUDGE**

---

[3] Because the Court finds that the Commissioner's position was substantially justified, it does not address the issue of whether the attorneys' fees requested are reasonable.

5